UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDE DAVID SMITH,<br><br>Plaintiff,<br><br>v.<br><br>SHORELINE APARTMENTS, et al.,<br><br>Defendants. | Case No. 25-cv-10889-WHO<br><br>**ORDER GRANTING IN FORMA PAUPERIS APPLICATION AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 3 |

Pro se plaintiff Jude David Smith has filed a complaint and motion for leave to proceed *in forma pauperis*. Dkt. Nos. 1, 3. The motion to proceed in forma pauperis is GRANTED. However, Smith has failed to state a claim on which relief may be granted, requiring dismissal of the complaint under 28 U.S.C. § 1915(e). I will give Smith the opportunity to amend his complaint and correct the deficiencies, which are detailed below.

A district court may allow a plaintiff to proceed *in form pauperis* if it determines that he cannot pay the filing fees needed to pursue the action. 28 U.S.C. § 1915(a)(1). Based on Smith's reported income, expenses, assets and debts, I am satisfied that he is unable to pay the filing fee. *See* Dkt. No. 3. His application to proceed *in forma pauperis* is therefore GRANTED.

A complaint filed by a plaintiff proceeding *in forma pauperis* is subject to a sua sponte review by the court. *See* 28 U.S.C. § 1915(e)(2). The court "shall dismiss the case" if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.*

Federal Rule of Civil Procedure 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Where a plaintiff is proceeding pro se, the court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v.*

United States District Court
Northern District of California

*Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

The complaint alleges that Smith paid $40 to apply for a Section 8, low income, apartment at Shoreline Apartments in Alameda, California.  Complaint [Dkt. No. 1] at 2.  He alleges that he has an "A" credit score and no criminal record but was still denied residence at the apartment complex because of his homelessness status and his mental health disabilities.  *Id.*  He seeks one million dollars in damages.  *Id.*  Smith alleges no additional facts.

The complaint does not articulate a short and plain statement showing that Smith is entitled to the relief that he seeks.  Stated simply, Smith asserts no claim against Shoreline Apartments and does not allege any elements of how any such claim would be met.

For Smith's complaint to proceed, he must file an amended complaint that clearly articulates: (1) the claim (or claims) he asserts and (2) factual allegations showing how the elements of that claim (or claims) are met.  He should also allege facts showing that I have jurisdiction over the matter—either via federal question jurisdiction or diversity jurisdiction.

As Mr. Smith's complaint is severely lacking in the requirements outlined by the Federal Rules of Civil Procedure, I recommend that he seek free limited legal assistance from the Court's Legal Help Desk by calling the appointment line at (415) 782-8982 or emailing fedpro@sfbar.org. Appointments are available both in-person at the San Francisco and Oakland courthouses or remotely by Zoom or telephone.  The Legal Help Desk provides the opportunity to speak with an attorney who will provide basic legal help, but not legal representation.  Smith may also find the Northern District of California's Pro Se Handbook to be of use, available online at https://cand.uscourts.gov/representing-yourself/pro-se-handbook.

Smith's complaint is therefore DISMISSED with leave to amend.  Any amended complaint is due within 30 days of the issuance of this Order.

**IT IS SO ORDERED.**

Dated: January 22, 2026



William H. Orrick
United States District Judge

2